IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MBMJ PROPERTIES, LLC, et al.,

    Plaintiffs,

v.

MILLVILLE MUTUAL INSURANCE
COMPANY,

    Defendant.

CIVIL ACTION
NO. 18-5071

## OPINION

**Slomsky, J.**                                                                                                                             April 16, 2019

## I.    INTRODUCTION

On November 20, 2018, Plaintiff MBMJ Properties, LLC ("MBMJ") and 4450 Sherwood Lane, LLC ("Sherwood") (collectively, "Plaintiffs") filed a Complaint against their insurer, Defendant Millville Mutual Insurance Company ("Defendant" or "Millville"), alleging claims for breach of contract (Count I) and bad faith (Count II) stemming from Defendant's refusal to pay an insurance claim made by Plaintiffs for losses incurred at their real property located at 232-234 North Broad Street, Waynesboro, Pennsylvania. Before the Court is Defendant's Motion to Dismiss Count II of the Complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court will grant Defendant's Motion but allow Plaintiffs leave to amend the Complaint.

## II. BACKGROUND[1]

MBMJ and Sherwood are corporate entities that together own the real property located at 232-234 North Broad Street, Waynesboro, Pennsylvania (the "Property"). (Doc. No. 1 ¶¶ 1-2, 5.) At all times relevant to this case, Plaintiffs insured the Property with Millville pursuant to Policy Number 1186396 (the "Policy"). (Id. ¶¶ 6-7; id. at Ex. A.)

On November 24, 2017, the Property incurred "direct physical loss and damage." (Id. ¶ 7.) The Complaint does not specify what caused the loss and damage to the Property. Plaintiffs only allege that the loss was "believed to be the result of a peril insured against under the Policy . . . ." (Id.) Shortly after incurring this loss, Plaintiffs submitted notice of the damage to Defendant and demanded coverage under the terms of the Policy. (Id. ¶ 8.) Plaintiffs allege that "Defendant, despite demand for benefits under the policy, has refused, without legal justification or cause, and continues to refuse, to pay to Plaintiff[s] monies owed for the damages suffered as a result of the Loss." (Id. ¶ 9.)

Consequently, on November 20, 2018, Plaintiffs initiated this action by filing a two-count Complaint against Defendant. (Doc. No. 1.) In Count I of the Complaint, Plaintiffs allege that Defendant's denial of coverage for the loss incurred at the Property was in breach of their Policy. (Id. ¶¶ 11-15.) In Count II, Plaintiffs allege that Defendant's conduct in handling their insurance claim was in bad faith under the Pennsylvania bad faith statute, 42 Pa.C.S.A. § 8371. (Id. ¶¶ 16-19.) More specifically, Plaintiffs allege that Defendant acted in bad faith by engaging in the following conduct:

> a. by sending correspondence falsely representing that Plaintiff's loss caused by a peril insured against under the Policy was not entitled to benefits due and owing under the Policy;

---

[1] The facts are taken from the Complaint and are accepted as true for purposes of deciding the Motion to Dismiss. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).

2

b. in failing to complete a prompt and thorough investigation of Plaintiff's claim before representing that such claim is not covered under the Policy;

c. in failing to pay Plaintiff's covered loss in a prompt and timely manner;

d. in failing to objectively and fairly evaluate Plaintiff's claim;

e. in conducting an unfair and unreasonable investigation of Plaintiff's claim;

f. in asserting Policy defenses without a reasonable basis in fact;

g. in flatly misrepresenting pertinent facts or policy provisions relating to coverages at issue and placing unduly restrictive interpretations on the Policy and/or claim forms;

h. in failing to keep Plaintiff or its representative fairly and adequately advised as to the status of the claim;

i. in unreasonably valuing the loss and failing to fairly negotiate the amount of the loss with Plaintiff or their representatives;

j. in failing to promptly provide a reasonable factual explanation of the basis for the denial of Plaintiff's claim;

k. in unreasonably withholding policy benefits;

l. in acting unreasonably and unfairly in response to Plaintiff's claim;

m. in unnecessarily and unreasonably compelling Plaintiff to institute this lawsuit to obtain policy benefits for a covered loss, that Defendant should have paid promptly and without the necessity of litigation.

(Id. ¶ 18.)

On January 29, 2019, Defendant filed a Motion to Dismiss Count II of Plaintiffs' Complaint Pursuant to Rule 12(b)(6). (Doc. No. 5.) Defendant argues the Complaint fails to state a claim of bad faith because the allegations regarding its conduct are "boilerplate and conclusory" and lack the requisite factual support. (Id. ¶ 1.) On February 12, 2019, Plaintiffs filed a Response in Opposition. (Doc. No. 8.) Defendant did not file a reply.

### III. STANDARD OF REVIEW

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009). After Iqbal, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 678; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting Iqbal, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Iqbal, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 556 U.S. at 678).

Applying the principles of Iqbal and Twombly, the Third Circuit in Santiago v. Warminster Township, 629 F.3d 121 (3d Cir. 2010), set forth a three-part analysis that a district court in this Circuit must conduct in evaluating whether allegations in a complaint survive a Rule 12(b)(6) motion to dismiss:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Id. at 130 (quoting Iqbal, 556 U.S. at 675, 679). The inquiry is normally broken into three parts: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

4

A complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (alteration in original) (citation omitted). The "plausibility" determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## IV. ANALYSIS

In Count II of the Complaint, Plaintiffs allege that Defendant's conduct in handling their insurance claim amounts to "bad faith" within the meaning of the Pennsylvania bad faith statute, 42 Pa.C.S. § 8371. (Doc. No. 1.) Defendant argues in its Motion that Count II of the Complaint should be dismissed because "[t]he boilerplate and conclusory allegations of 'unreasonable' conduct set forth in Plaintiff's Complaint are insufficient to state a claim against Millville for violation of 42 Pa.C.S. § 8371 under the dictates of Twombly and Iqbal . . . ." (Doc. No. 5 ¶ 1.) For the reasons that follow, the Court agrees with Defendant that Plaintiffs have failed to state a plausible claim of bad faith. However, the Court will dismiss Plaintiffs' bad faith claim without prejudice and afford them the opportunity to amend the Complaint.

### A. Plaintiffs' Claim Of Bad Faith In Count II Fails To State A Claim Upon Which Relief Can Be Granted

Pennsylvania's bad faith statute provides:

In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

5

>    (2) Award punitive damages against the insurer.
>
>    (3) Assess court costs and attorney fees against the insurer.

42 Pa. Const. Stat. § 8371. The statute does not define "bad faith," but the Pennsylvania Superior Court defines bad faith on the part of an insurer as "any frivolous or unfounded refusal to pay proceeds of a policy." Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. Oct. 25, 1994) (quoting Bad Faith, Black's Law Dictionary (6th ed. 1990)).

To succeed on a bad faith claim, "a plaintiff must allege that the insurer (1) did not have a reasonable basis for denying benefits under the policy; and (2) knew or recklessly disregarded its lack of reasonable basis in denying the claim." Yandrisovitz v. Ohio State Life Ins. Co., No. 18-1036, 2018 WL 4203840, at *4 (E.D. Pa. Aug. 31, 2018) (citing W.V. Realty, Inc. v. Northern Ins. Co., 334 F.3d 306, 312 (3d Cir. 2003)). The insurer's conduct need not be fraudulent, but "'mere negligence or bad judgment is not bad faith.'" Northwestern Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005) (quoting Brown v. Progressive Ins. Co., 860 A.2d 493, 501 (Pa. 2004)). "The insured must ultimately show that 'the insurer breached its duty of good faith through some motive of self-interest or ill will.'" Id.

Because bad faith claims are fact-specific, to survive a motion to dismiss "a plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements." Toner v. GEICO Ins. Co., 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017) (citing Smith v. State Farm Mut. Auto. Ins. Co., 506 Fed. App'x 133, 136 (3d Cir. 2012)). To that end, "[a] plaintiff cannot merely say that an insurer acted unfairly, but instead must describe with specificity what was unfair." Id.

Here, as noted, Plaintiffs' bad faith claim in Count II of the Complaint is premised on the following allegations regarding Defendant's conduct in handling their insurance claim:

a. by sending correspondence falsely representing that Plaintiff's loss caused by a peril insured against under the Policy was not entitled to benefits due and owing under the Policy;

b. in failing to complete a prompt and thorough investigation of Plaintiff's claim before representing that such claim is not covered under the Policy;

c. in failing to pay Plaintiff's covered loss in a prompt and timely manner;

d. in failing to objectively and fairly evaluate Plaintiff's claim;

e. in conducting an unfair and unreasonable investigation of Plaintiff's claim;

f. in asserting Policy defenses without a reasonable basis in fact;

g. in flatly misrepresenting pertinent facts or policy provisions relating to coverages at issue and placing unduly restrictive interpretations on the Policy and/or claim forms;

h. in failing to keep Plaintiff or its representative fairly and adequately advised as to the status of the claim;

i. in unreasonably valuing the loss and failing to fairly negotiate the amount of the loss with Plaintiff or their representatives;

j. in failing to promptly provide a reasonable factual explanation of the basis for the denial of Plaintiff's claim;

k. in unreasonably withholding policy benefits;

l. in acting unreasonably and unfairly in response to Plaintiff's claim;

m. in unnecessarily and unreasonably compelling Plaintiff to institute this lawsuit to obtain policy benefits for a covered loss, that Defendant should have paid promptly and without the necessity of litigation.

(Doc. No. 1 ¶ 18.) Based on these allegations, Plaintiffs argue the Complaint "contains factual averments that are sufficient to support a conclusion that recovery on said bad faith claim is likely and probable." (Doc. No. 8 at 8.) The Court disagrees.

Several other decisions from this District have held that allegations like the ones asserted by Plaintiffs are insufficient to state a plausible bad faith claim. For example, in Mills v. Allstate

7

Insurance Co., the court held that the plaintiff's nearly identical allegations of bad faith were insufficient to state a claim under Rule 12(b)(6). No. 15-4824, 2015 WL 5707303 (E.D. Pa. Sept. 29, 2015). In Mills, plaintiff sued defendant under his homeowners' insurance policy, alleging claims for breach of contract and bad faith stemming from the defendant's refusal to pay plaintiff for losses incurred at his home. Id. at *1. With respect to the plaintiff's bad faith claim, he alleged that defendant had acted in bad faith under § 8371 by:

> (a) forwarding correspondence to Plaintiff and/or Plaintiff's representative under date of August 18, 2014, representing to Plaintiff and/or Plaintiff's representatives that his claim was not, in fact, covered under Defendant's policy of insurance when Defendant knew or should have known that such representation was false and misleading;
>
> (b) failing to effectuate a prompt, fair and equitable settlement of Plaintiff's claim when its liability under the policy became reasonably clear;
>
> (c) misrepresenting pertinent facts or policy or contract provisions relating to the coverages at issue;
>
> (d) treating the Plaintiff with reckless indifference and disregard under the circumstances;
>
> (e) not having a reasonable basis for denying Plaintiff's benefits under the policy and in knowingly or recklessly disregarding its lack of reasonable basis when it denied Plaintiff's claim; [and]
>
> (f) interpreting ambiguous terms, provisions and/or conditions of the aforementioned policy in its favor and against Plaintiff.

Id. at *3. Upon consideration of these "bare-bones allegations," the court held that they were "devoid of factual specificity" and "simply 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" Id. (quoting Fowler, 578 F.3d at 210).

Similarly, in Soldrich v. State Farm Fire and Casualty Co., the court dismissed the plaintiff's § 8371 bad faith claim upon finding that the allegations in the complaint failed to state a plausible claim under Rule 12(b)(6). No. 15-1438, 2015 WL 7568442 (E.D. Pa. Nov. 25, 2015).

8

The plaintiff in Soldrich sued his insurance company for breach of contract, breach of the implied covenant of good faith and fair dealing, and bad faith under § 8371, after the insurance company denied plaintiff coverage for damage incurred at his property. Id. at *1. Similar to the allegations in this case, the plaintiff premised his bad faith claim on the following:

> In his Complaint, Plaintiff alleges that Defendant has failed to properly adjust Plaintiff's claim and has acted in bad faith by (a) failing to pay the full amount owed to him under the policies; (b) failing to timely pay the amounts owed; (c) scheming to defraud him; (d) recklessly disregarding its obligations under the policy; (e) accepting the premiums from him without intending to pay monies owed for covered losses; (f) fraudulently telling him that the losses were not covered despite evidence that they were; (g) claiming that losses were due to uncovered causes despite having no evidence to support that contention; (h) claiming that losses were due to uncovered causes despite evidence to support a covered loss; (i) unilaterally denying covered losses without proper investigation; and (j) falsely misrepresenting its responsibilities under the policy. Furthermore, Plaintiff alleges that Defendant unreasonably and unjustifiably delayed the handling of Plaintiff's insurance claim and knew or disregarded the fact that it was doing so.

Id. at *4. The court found that these allegations lacked the requisite factual support to state a plausible claim under Rule 12(b)(6). The court also found that the allegations were impermissibly conclusory, noting as an example that:

> . . . Plaintiff alleges that Defendant "unreasonably delayed the handling of the Plaintiff's insurance claims" but there are no facts alleged in the Complaint that relate to the alleged delay, such as the length of time that passed between the date when Plaintiff notified Defendant of his claims and the date that Defendant responded to them.

Id. Consequently, the court dismissed Plaintiff's bad faith claim, holding that these "'cursory allegations assert that Defendant lacked a reasonable basis for denying Plaintiff's claim for benefits, but do not provide any factual allegations from which the Court could make a plausible inference that Defendant knew or recklessly disregarded its lack of a reasonable basis for denying benefits.'" Id. (quoting Pasqualino v. State Farm Mut. Auto. Ins. Co., No. 15-0077, 2015 WL 3444288, at *5 (E.D. Pa. May 28, 2015)).

9

Like the plaintiffs in Mills and Soldrich, Plaintiffs in this case have based their bad faith claim solely on conclusory allegations that are insufficient to withstand Defendant's Motion to Dismiss. For example, Plaintiffs allege that Defendant failed to promptly and thoroughly investigate their claim before making a determination that the claim was not covered under the Policy. (Doc. No. 1 ¶ 18(b).) Yet the Complaint is devoid of allegations as to (1) the timing of the alleged investigation in relation to when Plaintiffs submitted their claim, (2) the methods and procedures by which the investigation was conducted, and (3) the length of the investigation from start to finish. As such, Plaintiffs' claim that Defendant's investigation of their insurance claim was not "prompt" or "thorough" lacks plausibility. The same can be said with respect to each of Plaintiffs' "specific" allegations of Defendant's bad faith conduct. (Id. ¶ 18(a)-(m).)

Accordingly, because Plaintiffs' allegations lack the requisite factual support to state a plausible claim of bad faith under § 8371, the Court will dismiss Count II of the Complaint.

### B. Plaintiffs Will Be Granted Leave To Amend The Complaint

Plaintiffs have sought leave of Court under Federal Rule of Civil Procedure 15(a) to amend the Complaint in the event that the Court grants Defendant's Motion to Dismiss Count II. (Doc. No. 8 at 13-14.) Because the standard for allowing amended pleadings under Rule 15(a) is a liberal one, the Court will dismiss Count II of the Complaint without prejudice and grant Plaintiffs leave to file an Amended Complaint.

Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading once as a matter of course within 21 days after service of the pleading or within 21 days after service of any responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading only with leave of court or consent of counsel. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Long v. Wilson, 393 F.3d 390, 400 (3d Cir.2004). To that end, the Third Circuit Court of

Appeals has held that "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless 'denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.'" Lundy v. Adamar of N.J., Inc., 34 F.3d 1173, 1196-97 (3d Cir.1994) (quoting Bechtel v. Robinson, 886 F.2d 644, 652-53 (3d Cir.1989)).

Here, the Court is satisfied that affording Plaintiffs the opportunity to file an Amended Complaint would not cause undue or substantial prejudice to Defendant. This case is still in its early stages and allowing Plaintiff a chance to amend the Complaint would not significantly delay the progress of the litigation. Accordingly, the Court will grant Plaintiffs leave to file an Amended Complaint. If Plaintiffs are unable to allege plausible facts underlying their various claims of bad faith, then the Complaint should not be amended.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Count II of Plaintiffs' Complaint Pursuant to Rule 12(b)(6) (Doc. No. 5) will be granted. The Court will dismiss Count II of the Complaint without prejudice and grant Plaintiffs leave to file an amended complaint. An appropriate Order follows.