IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MBMJ PROPERTIES, LLC, et al, <br><br> Plaintiffs, <br><br> v. <br><br> MILLVILLE MUTUAL INSURANCE COMPANY, <br><br> Defendant. | CIVIL ACTION <br> NO. 18-5071 |

**OPINION**

**Slomsky, J.**                                                                                                                                                             **August 5, 2019**

## I. INTRODUCTION

On November 20, 2018, Plaintiff MBMJ Properties, LLC ("MBMJ") and 4450 Sherwood Lane, LLC ("Sherwood") (collectively, "Plaintiffs") filed a Complaint against their insurer, Defendant Millville Mutual Insurance Company ("Defendant"), alleging breach of contract (Count I) and bad faith (Count II), stemming from Defendant's refusal to pay an insurance claim made by Plaintiffs for losses incurred at their real property located at 232-234 North Broad Street, Waynesboro, Pennsylvania.

On January 1, 2019, Defendant filed a Motion to Dismiss Count II of the Complaint. On April 16, 2019, the Court granted the Motion and dismissed Plaintiffs' bad faith claim in Count II, but allowed Plaintiffs leave to amend the claim. On May 7, 2019, Plaintiffs filed an Amended Complaint. Before the Court is Defendant's Motion to Dismiss Count II of the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court will grant Defendant's Motion.

## II. BACKGROUND

MBMJ and Sherwood are corporate entities that together own the real property located at 232-234 North Broad Street, Waynesboro, Pennsylvania (the "Property"). (Doc. No. 12 ¶¶ 1-2.) At all times relevant to this case, Plaintiffs insured the Property with Defendant pursuant to Policy Number 1186396 (the "Policy"). (Id. ¶¶ 6-7; id. at Ex. A.)

On November 24, 2017, the Property incurred "direct physical loss and damage." (Id. ¶ 7.) Plaintiffs allege that the loss was the "result of a peril insured against under the Policy," but the Complaint does not specify what caused the loss and damage, nor does it explain the nature of the peril. (Id.) After incurring this loss, Plaintiffs gave notice of the damage to Defendant and demanded coverage under the terms of the Policy in a "prompt and timely manner." (Id. ¶¶ 8-9.) Plaintiffs allege that Defendant "has refused, without legal justification or cause, and continues to refuse to pay to Plaintiff monies owed for the damage suffered as a result of the Loss." (Id. ¶ 9.)

On November 18, 2018, as result of Defendant's refusal to pay, Plaintiffs filed a two-count Complaint against Defendant, alleging breach of contract (Count I) and bad faith denial of their insurance claim (Count II). (Doc. No. 5.) Plaintiffs alleged in the Complaint that Defendant's denial of coverage was in bad faith because Defendant had engaged in the following conduct:

a. by sending correspondence falsely representing that Plaintiff's loss caused by a peril insured against under the Policy was not entitled to benefits due and owing under the Policy;

b. in failing to complete a prompt and thorough investigation of Plaintiff's claim before representing that such a claim is not covered under the Policy;

c. in failing to pay Plaintiff's covered loss in a prompt and timely manner;

d. in failing to objectively and fairly evaluate Plaintiff's claim;

e. in conducting an unfair and unreasonable investigation of Plaintiff's claim;

f. in asserting Policy defenses without a reasonable basis in fact;

g. in flatly misrepresenting pertinent facts or policy provisions relating to coverages at issue and placing unduly restrictive interpretations on the Policy and/or claim forms;

h. in failing to keep Plaintiff or its representatives fairly and adequately advised as to the status of the claim;

i. in unreasonably valuing the loss and failing to fairly negotiate the amount of the loss with Plaintiff or their representatives;

j. in failing to promptly provide a reasonable factual explanation of the basis for the denial of Plaintiff's claim;

k. in unreasonably withholding policy benefits;

l. in acting unreasonably and unfairly in response to Plaintiff's claim;

m. in unnecessarily and unreasonably compelling Plaintiff to institute this lawsuit to obtain policy benefits for a covered loss, that Defendant should have paid promptly and without the necessity of litigation.

(Doc. No. 1 ¶ 18.)

On January 29, 2019, Defendant responded by filing a Motion to Dismiss Count II on the ground that it failed to state a claim. (Doc. No. 5.) On April 16, 2019, the Court issued an Opinion (Doc. No. 9) and entered an Order (Doc. No. 10) granting the Motion and dismissing Plaintiffs' bad faith claim in Count II. The Court held that the allegations of bad faith in the original Complaint failed to state a claim under Rule 12(b)(6) because they were impermissibly vague and conclusory, thus rendering the bad faith claim implausible. (Doc. No. 9.) Even so, the Court dismissed the bad faith claim without prejudice and afforded Plaintiffs the opportunity to file an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). (Id. at 10-11.) The Court cautioned, however, that "[i]f Plaintiffs are unable to allege plausible facts underlying their various claims of bad faith, then the Complaint should not be amended." (Id. at 11.)

3

Subsequently, on May 7, 2019, Plaintiffs filed an Amended Complaint, again alleging breach of contract (Count I) and bad faith (Count II). In support of their amended bad faith claim, Plaintiffs alleged this time that Defendant had engaged in the following conduct:

a. in purposefully and unreasonably delaying the adjustments of Plaintiff's claim and in participating in the misrepresentation as to the cause of loss and the cost to repair Plaintiff's damaged property;

b. in failing to promptly respond to Plaintiff's request for information, and specifically, requiring Plaintiff to send numerous;

c. in failing to acknowledge pertinent communications within ten (10) working days in violation of the Pennsylvania Unfair Claims Practices Act;

d. in refusing Plaintiff's demand to submit the dispute between the parties to appraisal without legal justification and in specific violation of the appraisal provision of the Policy, which clearly entitles the Plaintiff to appraisal;

**e.** in demanding frivolous and baseless information and documentation to support Plaintiff's claim, and even after receiving Plaintiff's responses to said requests, refusing to consider or accept Plaintiff's responses;

f. in refusing to accept the qualifications of Plaintiff's experts, who are licensed to conduct insurance claim property damage estimations by the Commonwealth of Pennsylvania;

g. in refusing to respond to Plaintiff's request for information as to the Defendant's adjuster's qualifications;

h. in retaining an adjuster to inspect Plaintiff's Property that was not qualified to conduct large loss adjusting and restoration;

i. in purposefully withholding benefits due and owing under the policy, without any reasonable basis;

j. in purposefully evading the spirit of the bargain, exhibiting a lack of diligence and completely slacking off with respect to the investigation and adjustment of Plaintiff's claim;

k. in failing to complete a prompt and thorough, good faith investigation into Plaintiff's claim;

l. in failing to pay Plaintiff's covered loss in a prompt and timely manner;

m. in acting in a dilatory manner and without proper diligence in investigating Plaintiff's claim;

n. in frivolously and baselessly refusing to pay the proceeds of the policy due and owing to Plaintiff's claim;

o. in failing to objectively and fairly evaluate Plaintiff's claim;

p. in conducting an unfair and unreasonable investigation of Plaintiff's claim;

q. in asserting potential Policy defenses without a reasonable basis in fact;

r. in flatly misrepresenting pertinent facts or policy provisions relating to coverage at issue and placing unduly restrictive interpretations on the Policy and/or claim forms;

s. in failing to properly communicate with Plaintiff regarding the status of their claim and failing to keep Plaintiff or their representatives fairly and adequately advised as to the status of the claim in violations of the Pennsylvania Unfair Claim;

t. in unreasonably valuing the loss and failing to fairly negotiate the amount of the loss with Plaintiff or their representatives;

u. in failing to promptly provide a reasonable factual explanations of the basis of the denial of Plaintiff's claim;

v. in unreasonably withholding policy benefits;

w. in acting unreasonably and unfairly in response to Plaintiff's claim;

x. in unnecessarily and unreasonably compelling Plaintiff to institute this lawsuit to obtain policy benefits for a covered loss, that Defendant should have paid promptly and without the necessity of litigation.

(Doc. No. 12 ¶ 18.)

On May 15, 2019, Defendant filed a Motion to Dismiss Count II of the Amended Complaint pursuant to Rule 12(b)(6). (Doc. No. 13.) Defendant submits that Plaintiffs have not sufficiently amended their bad faith claim and that the bad faith claim in the Amended Complaint still relies on allegations that are "boilerplate and conclusory." (Id.) On May 30, 2019, Plaintiffs filed a Response in Opposition to the Motion. (Doc. No. 16.) On June 4, 2019, Defendant filed a Reply. (Doc. No. 18.)

## III. STANDARD OF REVIEW

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009). After Iqbal it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 678; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting Iqbal, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Iqbal, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 556 U.S. at 678).

Applying the principles of Iqbal and Twombly, the Third Circuit in Santiago v. Warminster Township, 629 F.3d 121 (3d Cir. 2010), set forth a three-part analysis that a district court in this Circuit must conduct in evaluating whether allegations in a complaint survive a Rule 12(b)(6) motion to dismiss:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Id. at 130 (quoting Iqbal, 556 U.S. at 675, 679). The inquiry is normally broken into three parts: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

A complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (alteration in original) (citation omitted). The "plausibility" determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## IV. ANALYSIS

In the present Motion, Defendant moves to dismiss Plaintiffs' bad faith claim in Count II of the Amended Complaint. (Doc No. 14.) Defendant submits that the Amended Complaint, like the original Complaint, still relies on "threadbare accusations" that are "insufficient to state a claim against Millville." (Id. at 1.) For the reasons that follow, the Court agrees with Defendant that Plaintiffs have again failed to state a plausible claim of bad faith. As such, the Court will grant Defendant's Motion and dismiss Count II of the Amended Complaint.

### A. Plaintiffs' Claim Of Bad Faith In Count II Fails To State A Claim Upon Which Relief Can Be Granted

Pennsylvania's bad faith statute provides:

In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured the court may take all of the following actions:

(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

(2) Award punitive damages against the insurer.

(3) Assess court costs and attorney fees against the insurer.

42 Pa. Const. Stat. § 8371. The statute does not define "bad faith," but the Pennsylvania Superior Court defines bad faith on the part of an insurer as "any frivolous or unfounded refusal to pay the proceeds of a policy." Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994) (quoting Bad Faith, Black's Law Dictionary (6th ed. 1990)).

To succeed on a bad faith claim, "a plaintiff must allege that the insurer (1) did not have a reasonable basis for denying the benefits under the policy; and (2) knew or recklessly disregard its lack of reasonable basis in denying the claim." Yandrisovitz v. Ohio State Life Ins. Co., No. 18-1036, 2018 WL 4203840, at *4 (E.D. Pa. Aug. 31, 2018) (citing W.V. Realty, Inc. v. Northern Ins. Co., 334 F.3d 306, 312 (3d Cir. 2003)). The insurer's conduct need not be fraudulent, but "'mere negligence or bad judgment is not bad faith.'" Northwestern Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005) (quoting Brown v. Progressive Ins. Co., 860 A.2d 493, 501 (Pa. 2004)). "The insured must ultimately show that 'the insurer breached its duty of good faith through some motive or self-interest or ill will.'" Id.

Because bad faith claims are fact-specific, to survive a motion to dismiss "a plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements." Toner v. GEICO Ins. Co., 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017) (citing Smith v. State Farm Mut. Auto Ins. Co., 506 F. App'x 133, 136 (3d Cir. 2012)). To that end, "[a] plaintiff cannot merely say that an insurer acted unfairly, but instead must describe with specificity what was unfair." Id.

In deciding the first Motion to Dismiss, the Court held that the bad faith allegations of the original Complaint failed to state a claim because they lacked the requisite factual support to state a plausible claim of bad faith. (Doc. No. 9.) As examples of deficiencies with the allegations in the original Complaint, the Court specifically highlighted Plaintiffs' allegations with respect to Defendant's investigation of their insurance claim, noting that these allegations lacked specificity

8

as to (1) the timing of the alleged investigation in relation to when Plaintiffs submitted their claim, (2) the methods and procedures by which the investigation was conducted, and (3) the length of the investigation from start to finish. (Id.)

Here, the Amended Complaint still contains no facts with respect to the timing of the investigation, the methods and procedures which Defendant employed during the investigation, and the length of the investigation. Beyond the investigation-related allegations, all of the allegations in the original Complaint are simply restated, without any additional factual information, in the Amended Complaint. Thus, to the extent the allegations of the Amended Complaint mirror the allegations of the original Complaint, the Court is still in agreement with Defendant that such allegations fail to state a claim of bad faith.

Beyond simply repacking allegations from the original Complaint, Plaintiffs also have included several "new" allegations regarding Defendant's bad faith conduct in the Amended Complaint. These additional bad faith allegations against Defendant are as follows:

a. purposefully and unreasonably delaying the adjustment of Plaintiff's claim and in participating in the misrepresentation as to the cause of loss and the cost to repair Plaintiff's damaged property;

b. in failing to promptly respond to Plaintiff's request for information, and specifically, requiring Plaintiff to send numerous follow up requests for information before finally responding to said requests;

c. in failing to acknowledge pertinent communications within ten (10) working days;

d. in refusing Plaintiff's demand to submit the dispute between the parties to appraisal without legal justification and in specific violation of the Policy, which entitles the Plaintiff to appraisal;

e. in demanding frivolous and baseless information and documentation to support Plaintiff's claim, and even after receiving Plaintiff's responses to said requests, refusing to consider or accept Plaintiff's responses;

> f.  in refusing to accept the qualifications of Plaintiff's experts, who are licensed to conduct insurance claim property damage estimations by the Commonwealth of Pennsylvania;
>
> g.  in refusing to respond to Plaintiff's requests for information as to Defendant's adjusters qualifications;
>
> h.  in retaining an adjuster to inspect Plaintiff's Property that was not qualified to conduct large loss adjusting and restoration;
>
> . . .
>
> j.  in purposefully evading the spirit of the bargain, exhibiting a lack of diligence and completely slacking off with respect to the investigation and adjustment of Plaintiff's claim;
>
> . . .
>
> m.  in acting in a dilatory manner and without proper diligence in investigating Plaintiff's claim;
>
> n.  in frivolously and baselessly refusing to pay the proceeds of the policy due and owing to Plaintiff;
>
> . . .
>
> s.  in failing to properly communicate with the Plaintiff regarding the status of their claim and failing to keep Plaintiff or their representatives fairly and adequately advised as to the status of the claim in violation of the Pennsylvania Unfair Claims Practices Act;

(Doc. No. 12 ¶ 18.)

The above allegations merely state legal conclusions that also lack the prerequisite factual support to withstand Defendant's Motion to Dismiss. For example, Plaintiffs allege that Defendants purposefully and unreasonably delayed adjusting their insurance claim, but they do not allege facts to show (1) how Defendant's action were purposeful, (2) what made Defendant's actions unreasonable, or (3) the extent of Defendant's "delay" in adjusting their claim. (Id.) Plaintiffs also allege that Defendant acted in bad faith by failing to respond to their communications and requests for information. (Id.) But Plaintiffs never allege the dates of these

communications, the number of communications in question, or the substance of these communications. (Id.)

Like the original Complaint, the Amended Complaint still lacks specificity to survive a motion to dismiss. Even though the Amended Complaint adds more allegations of Defendant's bad faith conduct, these added allegations are simply more of the same; they lack the required factual specificity and rely on impermissible legal conclusions to plausibly state a claim under Rule 12(b)(6). (Doc. No. 9 at 6.)

Because Plaintiffs failed to allege facts to state a plausible claim of bad faith under § 8371, the Court will grant the Motion to Dismiss.

### B. Plaintiffs Will Not Be Granted Leave To Amend the Complaint At This Time

Defendant submits that because Plaintiffs have been afforded the opportunity to cure the deficiencies in the original Complaint, but have failed to do so, the bad faith claim should be dismissed with prejudice. (Doc. No. 14 at 10.) Because leave to amend can be denied when further leave would be futile, the Court will dismiss Count II of the Amended Complaint without allowing Plaintiffs leave to amend the Complaint further at this time. See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

Federal Rule of Civil Procedure 15(a) dictates that a party may amend a pleading once as a matter of course with 21 days after service of the pleadings or within 21 days after service of any responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading with leave of court or consent of counsel. Fed. R. Civ. P. 15(a)(2). Although leave to amend should be "freely" granted "when justice so requires," denying leave to amend is appropriate where further amendment would be "futile." Shane, 213 F.3d at 115; see also Betchel v. Robinson, 886 F.2d 644, 652-53 (3d Cir. 1999) ("[D]enial [can] be grounded in bad faith or dilatory motive, truly

undue or unexplained delay, repeated failure to care deficiency by amendments previously allowed or futility of the amendment"). "Futility" means even with further time to amend, the complaint still would fail to state a claim upon which relief could be granted. Shane, 213 F.3d at 115.

In this case, leave to amend, at least at this time, would be futile because Plaintiffs have already had an opportunity to cure the deficiencies of their bad faith claim in the original Complaint and have failed to do so. Given Plaintiffs' failure to sufficiently amend their bad faith claim, the Court is satisfied that Plaintiffs are not entitled to a third proverbial bite of the apple. That said, if during discovery, Plaintiffs uncover facts that they believe will prove bad faith, they may file a motion for leave of Court to further amend the Amended Complaint at that time. Thus, even though the Court will not grant Plaintiffs leave to amend now, Count II of the Amended Complaint will be dismissed without prejudice.

## V. CONCLUSION

For the foregoing reasons, the Motion to Dismiss Count II of the Amended Complaint (Doc. No. 13) will be granted. The Court will dismiss Count II of the Amended Complaint without prejudice, but Plaintiffs may not further amend the Amended Complaint at this time. An appropriate Order follows.